UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BURLIN C. WEBB, | : | Case No. 1:07-cv-981 |
| Plaintiff, | : | Judge Herman J. Webber |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| PATRICIA S. ONEY, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION[1] THAT PATRICIA S. ONEY'S MOTION TO DISMISS (Doc. 5) BE GRANTED AS TO ALL DEFENDANTS AND THIS CASE BE CLOSED

Plaintiff initiated this action on November 28, 2007 by filing a *pro se* complaint (Doc. 1) against the Honorable Patricia S. Oney, Judge of the Butler County Court of Common Pleas, stemming from an underlying medical malpractice case which Plaintiff had filed against two dentists, Dr. James S. Puccio and Dr. James C. Puccio, who are co-Defendants here. Judge Oney presided over the malpractice action.

Now before the Court is Judge Oney's motion to dismiss (Doc. 5) the complaint pursuant to Rules 12(B)(1) and (6) of the Federal Rules of Civil Procedure and the parties' responsive memoranda (Docs. 10, 12).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**I.**

Plaintiff's complaint alleges that the Puccios conspired to commit malpractice and Medicare/Medicaid fraud by falsifying medical records they presented to the state court during the underlying malpractice case. (Doc. 1, ¶¶ 1, 5.) Specifically, Plaintiff alleges that the Puccios altered his patient progress notes to say that he was instructed to take antibiotics on September 14, 1998, for a tooth extraction that occurred on September 15, 1998. (Doc. 1, ¶¶ 3, 5.)

Judge Oney presided over the underlying case, and Plaintiff alleges that Judge Oney conspired with her staff to cover up the Puccios' fraud by entering judgment in their favor. (Doc. 1, ¶¶ 3-4.) Specifically, Plaintiff alleges that in spite of progress notes that stated that Plaintiff's tooth was extracted on August 15, 1998, Judge Oney "falsified her summary judgment" by stating in her Entry granting the Puccios' motion for partial summary judgment that the "progress notes indicate Mr. Webb was told to take penicillin on September 14 in preparation for his appointment on September 15." (*Id*.) Plaintiff alleges that Judge Oney falsified this statement as September dates are not listed in the progress notes. (*Id*., ¶ 3.)

Plaintiff alleges that Judge Oney and the Puccios violated his civil rights and discriminated against him because of his age. (Doc. 1, ¶ 3.) Based on Defendants' conduct, Plaintiff asks the Court to grant him $1,000,000 in damages.

**II.**

In ruling on a motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because Plaintiff brings this case *pro se*, the Court construes the allegations very liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). Indeed, "a pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences," *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and "*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993).

**III.**

Plaintiff's complaint asserts two causes of action: (1) civil rights violations; and (2) conspiracy. Although Plaintiff does not specify in the complaint, the Court presumes that Plaintiff's civil rights claim is based upon 42 U.S.C. § 1983.

The Sixth Circuit has clearly held that "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio … requires that actions … be filed within two years after their accrual." *LRL Properties v. Portage Metro. Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995).

Accepting the allegations in Plaintiff's complaint as true, the events giving rise to this cause of action occurred on February 6, 2004 when Judge Oney entered summary judgment in Plaintiff's underlying case. (*See* Doc. 5 and February 6, 2004 Entry, *Webb v. Pucchio, et al.*, Butler County Court of Common Pleas, Case No. CV-1999-08-1469.) Thus, Plaintiff's § 1983 claim alleging a civil rights violation needed to have been filed by February 6, 2006. Plaintiff filed his complaint on November 28, 2007. (Doc. 1.) Plaintiff is nearly two years too late in filing a civil rights action. Accordingly, the undersigned concludes that Plaintiff's § 1983 claim is barred by the statute of limitations, and, therefore, should be dismissed.

Moreover, it is not necessary to address the merits of Plaintiff's state law conspiracy claim. Under 28 U.S.C. § 1367(c)(3), the district court has the discretion to dismiss claims over which it has supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. *Dobbs-Weinstein v. Vanderbilt Univ.,* 185 F.3d 542, 546 (6th Cir. 1999), *cert. denied,* 529 U.S. 1019 (2000). Indeed, the Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal question claims are dismissed before trial. *See Gaff v. Federal*

*Deposit Ins. Corp.,* 814 F.2d 311, 319 (6th Cir. 1987) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)); *see also Wolotsky v. Huhn,* 960 F.2d 1331, 1338 (6th Cir. 1992) ("Where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits.").

Accordingly, in light of the recommendation that Plaintiff's § 1983 claim is barred by the statute of limitations, it is further recommended that Plaintiff's state law conspiracy claim should be dismissed without prejudice.

Moreover, although Defendants Puccio have not sought dismissal of the complaint, it is manifest that Plaintiff claims against Defendants Puccio must fail for the same reasons that they cannot succeed against movant Oney ( *i.e.,* Plaintiff's civil rights claims are barred by the statutes of limitations, and the Court shall not hear the conspiracy claim based solely on pendent jurisdiction). Under these circumstances, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of the moving defendants." *Silverton v. Department of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Muhammad v. State of Louisiana*, 2000 WL 1511181, at *4, 6 (E.D. La. Oct. 6, 2000); *Lesher v. Lavrich*, 632 F.Supp. 77, 84 (N.D. Ohio 1984) (citing *Silverton*).

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendant Oney's motion to dismiss (Doc. 5) be **GRANTED** as to all Defendants, and this case be **CLOSED.**

Date: <u>June 24, 2008</u>  <u>s/ Timothy S. Black</u>
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BURLIN C. WEBB, | : | Case No. 1:07-cv-981 |
| | : | |
| Plaintiff, | : | Judge Herman J. Webber |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| PATRICIA S. ONEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).